**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

                                  Crim. No. 1:22-cr-790-NLH

    v.                         **OPINION**

KASSAN KNIGHT

**APPEARANCES:**

ALISA SHVER
U.S. ATTORNEY'S OFFICE DISTRICT OF NEW JERSEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08102

       *Counsel for the United States*

ANTHONY J. POPE, JR.
The Anthony Pope Law Firm, P.C.
60 PARK PLACE, SUITE 703
NEWARK, NJ 07102

ERIC W. FEINBERG
34 MILL STREET
MOUNT HOLLY, NJ 08060

       *Counsel for Defendant*

**HILLMAN**, **District Judge**

       Before the Court are two Motions to Withdraw as Counsel, one on behalf of Anthony J. Pope, Jr., Esquire (ECF 74) and the other on behalf of Eric W. Feinberg, Esquire (ECF 76), who seek the Court's leave to withdraw as counsel for Defendant Kassan Knight ("Defendant" or "Knight"). For the reasons expressed below, this Court will deny both motions without prejudice.

1

I.    **BACKGROUND**

Over the course of this case Defendant has had a series of
attorneys, and at times, difficulty abiding by the terms of his
pretrial release.  At his first appearance before Magistrate
Judge Ann Marie Donio on October 22, 2020, after being charged
by criminal complaint, he had a public defender, appointed for
that appearance only.  (ECF 7).  Then on October 23, 2020,
pursuant to the Criminal Justice Act, he had counsel Anne C.
Singer, Esquire appointed to his case.  (ECF 13).  Initially, he
was released by Judge Donio on bail (ECF 8) but Defendant was
later ordered detained on March 30, 2021 (ECF 22 and 23) after
incurring new charges out of state (later dropped).

On April 30, 2021, Anthony J. Pope, Jr., Esquire
substituted his appearance for Ms. Singer, and entered as
retained counsel.  (ECF 25).  On June 17, 2021, Defendant
successfully sought and obtained from Judge Donio a renewed
Order Setting Conditions of Release.  (ECF 27, 28 and 29).
After a series of continuance orders, jurisdiction of this
matter shifted to the District Court.  On November 30, 2022,
Scott Gorman, Esquire entered his appearance on behalf of
Defendant, (ECF 58), in conjunction with a Rule 11 hearing
before the undersigned in which the Defendant waived indictment,
(ECF 59), and entered a guilty plea, (ECF 61), pursuant to a
plea agreement, (ECF 62), to a two-count Information charging

conspiracy to commit bank fraud and uttering counterfeit obligations of the United States, (ECF 57).

While awaiting sentencing, Defendant began testing positive for controlled substances prompting several bail review hearings and referrals for treatment.  In one instance in June 2023, Pre-Trial Services believed that Defendant had tampered with a drug test sample. (ECF 70).  When his non-compliance continued and after Defendant refused to participate in drug treatment, this Court set a bail review hearing for November 7, 2023 in anticipation of a sentencing hearing for November 13, 2023. (Id.)

However, prior to his November 7, 2023 court date, Defendant removed the electronic-monitoring device that was part of his bail conditions and failed to appear at the November 7, 2023 bail review hearing and an arrest warrant was issued.  (ECF 72 and 73).  Although Defendant did not appear, attorney Eric Feinberg, Esquire appeared as counsel for Defendant.  As Mr. Feinberg was not at the time an attorney of record, this Court requested that he enter his formal appearance.  Accordingly, Mr. Feinberg entered his appearance on November 7, 2023.  (ECF 71).

On November 8, 2023, Mr. Gorman entered his Notice of Withdrawal, as he had obtained employment at the New Jersey Office of the Public Defender.  (ECF 75).  Also on November 8,

3

2023, Mr. Pope filed his Motion to Withdraw as Counsel. (ECF 74).

The Defendant did not appear for his November 13, 2023 sentencing and as of the date of this opinion is a fugitive. Mr. Feinberg filed his separate Motion to Withdraw as Counsel on November 20, 2023. (ECF 76).

## II. LEGAL STANDARD

The standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 and Rules of Professional Conduct 1.16. Local Civil Rule 102.1 provides, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Local Civil Rule 102.1 is made applicable to criminal cases through Local Criminal Rule 1.1. Because no other counsel has been substituted on Defendant's behalf, Defendant's counsel may only withdraw by leave of Court.

To assist the Court in that assessment, "the court has established certain criteria for consideration: 1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case." U.S. ex rel. Cherry Hill

_Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc._, 994 F.
Supp. 244, 252-53 (D.N.J. 1997).

### III. ANALYSIS

In support of his request to withdraw, Attorney Pope cites
"[a] breakdown of communication of the attorney-client
relationship . . . as Mr. Knight has become a non-cooperative
and unreachable client."  (ECF 74-1 at ¶ 4).  Counsel reports
that since Defendant removed his electronic monitoring device
and failed to appear in court, Defendant has not answered any of
counsel's attempts to contact him.  (Id. at ¶ 6).

Attorney Feinberg similarly states that he has "not been
in communication with Mr. Knight since he failed to appear."
(ECF 76 at ¶ 5).  He thus seeks withdrawal "due to the breakdown
in the attorney-client relationship since Mr. Knight failed to
appear, obviously against the advice of counsel, and his failure
to communicate with counsel."  (Id. at ¶ 9).  Attorney Feinberg
touches on additional factors, noting that there are no
codefendants and that "[t]his matter is only pending sentence,
and any delay is caused by Mr. Knight's failure to appear."
(Id. at ¶¶ 10-11).

Both attorneys cite New Jersey Rule of Professional
Conduct 1.16(b)(4) in support of their requests, which states
that a lawyer may withdraw if "the client insists upon taking

action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement."

First, this Court notes that because Defendant has not terminated his relationship with counsel, and counsel have not set forth allegations that their continued representation of Defendant "will result in violation of the Rules of Professional Conduct or other law," counsel have no basis for mandatory withdrawal.  N.J. R.P.C. 1.16(a).

Next, the reasons counsel put forth for withdrawal are (1) that Defendant removed his monitoring device and failed to appear and (2) that they have since been unable to contact him. It has not been a full month since these events occurred, and thus while the Court appreciates that counsel have been unable to fully represent their client without his participation, this is not yet a prolonged issue and there may still be an opportunity for counsel to reestablish a cooperative relationship with Defendant.  Counsel has a duty to their client, and "[w]hen an attorney agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion." Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 424 (D.N.J. 1993).  This consideration weighs against permitting withdrawal.

Although Defendant has acted contrary to the advice of counsel in removing his monitoring device and failing to come to

6

court, there are no allegations that Defendant has requested counsel to take a position that they find repugnant or with which they have fundamental disagreement.  Rusinow v. Kamara, 920 F. Supp. 69, 72 (D.N.J. 1996) ("A sudden disenchantment with a client or a cause is no basis for withdrawal. Those who cannot live with risk, doubt and ingratitude should not be trial lawyers.").  Defendant has not asked counsel to take a position that implicates their professional responsibilities.  Rather, it is apparent that Defendant's present actions are not in line with counsel's advice and counsel have made their position on that known.  This consideration is neutral.

This Court recognizes that there will be no prejudice to other individuals if counsel withdraws because, as Attorney Feinberg noted, there are no co-defendants.  As such, this consideration weighs in favor of permitting withdrawal. Nonetheless, there may be harm to the administration of justice by permitting counsel that are familiar with this case to withdraw prior to sentencing.  Although there are no co-defendants per se, there are numerous co-conspirators whose separately docketed cases are moving apace.

In addition, this Court notes that Defendant has a constitutional right to representation in this criminal matter. Moreover, while the fault is admittedly his own, because Defendant is presently absent from these proceedings even

voluntarily, the Court does not have the benefit of Defendant's
position on counsel's requests to withdraw.  While it may be the
case that "ordinarily if clients knowingly and willingly refuse
to communicate and cooperate with their lawyer the lawyer may
withdraw after giving adequate written notice to the client,"
here the Court does not have any indication that Defendant is
aware of counsel's request to withdraw.  In re Valsartan N-
Nitrosodimethylamine (NDMA), Losartan, & Irbesartan Prod. Liab.
Litig., No. 19-2875, 2020 WL 955059, at *2 (D.N.J. Feb. 27,
2020).  In ensuring that attorneys maintain their fiduciary
obligations to their clients, "the Court must assure that an
attorney that seeks to withdraw from a case because a client is
allegedly incommunicado takes all reasonable steps to locate and
contact the client and notify him or her of the intent to
withdraw."  Id.  This consideration weighs against permitting
withdrawal.

Although it is correct that the primary factor in the
delay here is Defendant's failure to appear and his present
fugitive status, permitting counsel to withdraw would cause
further delay.  As noted above, Defendant has a Constitutional
right to counsel.  Thus, unless he were to elect to proceed *pro
se*, additional time would be needed in order for him to obtain
new counsel.  Then that counsel would also need adequate time to

discharge their professional responsibilities in representing the Defendant at sentencing.

Attorney Pope for his part has been involved since prior to the plea agreement, and as he noted he was involved in finalizing the plea agreement.  (ECF 74-1 at ¶ 3).  Attorney Feinberg appeared at the most recent court date, and has represented that he is "fully aware and familiar with the facts and circumstances of this case."  (ECF 76 at ¶ 1).  Moreover, there is no reason to believe that any other counsel would not encounter the same issue with contacting Defendant that moving counsel currently face.  Mr. Pope, for his part, had an already well-established relationship with Defendant as he has represented him in this matter for over two and a half years. Mr. Feinberg, for his part, represents that he has been affiliated with Mr. Pope's firm during that time.

On the other hand, to the extent Mr. Feinberg, who also has a separate law practice, is new to this matter having only entered his appearance less than thirty days ago, he is in many ways no different than new counsel the Court would appoint if it allowed Mr. Pope to withdraw.  These considerations weigh against permitting withdrawal.

Overall, these factors weigh against permitting withdrawal at this time.  Counsel will be permitted to renew their request when appropriate.

## IV.   CONCLUSION

For the reasons set forth above, counsels' Motions to Withdraw as Counsel (ECF 74; ECF 75) will be denied without prejudice.

An accompanying Order will issue.


Date: December 5, 2023                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.